"When we get the required number, which gives us something as a foundation, we can add line upon line, line upon line, and darn back and forth, as you would darn a stocking."

In the characteristic sample upon which the witnesses were particularly examined, these added ornaments, one in each of the four corners of each border, were designated as "X" (a conventional Maltese cross) and "Z" (a conventional wheel or spider web). Counsel for the government contends that X and Z, although superimposed, not upon any part of the fabric, but upon a vacant space, constitute embroidery, and that therefore the article has been "embroidered by hand with a letter, monogram, or otherwise." The difficulty with this contention, however, is that there is no testimony that X and Z are embroidery, which is not surprising, because the case was apparently tried on the theory, insisted upon by the government, that X and Z were "lace," or an "imitation of lace," and the point now urged seems to be an afterthought. The board reached the conclusion "that lace is embroidery." However this may be from an artistic point of view, we cannot accept it as controlling because in successive tariff acts Congress has made a distinction between the two. Without some proof that the application of X and Z to the flax articles ornamented with drawn threads has "embroidered" them, we cannot classify them under the clause relied upon.

The decision of the Circuit Court is affirmed.

---

UNITED STATES v. SWAN & FINCH CO. (two cases).

(Circuit Court of Appeals, Second Circuit. April 20, 1909.)

Nos. 252–256 (3612, 4802, 4811, 4938–4940, 5038, 5082, 5238).

CUSTOMS DUTIES (§ 38*)—CLASSIFICATION—PETROLEUM PRODUCTS—COUNTERVAILING DUTY.

Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 626, 30 Stat. 199 (U. S. Comp. St. 1901, p. 1685), provides a countervailing duty on "the products of crude petroleum produced in any country which imposes a duty on petroleum or its products exported from the United States." Held, that this is not applicable where the product is manufactured in a country imposing no duty on such products imported from the United States, though the petroleum used originated in a country imposing a duty on American petroleum.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

Appeals from the Circuit Court of the United States for the Southern District of New York.

Actions by the United States against the Swan & Finch Company (two cases), F. A. Marsily & Co., the National Aniline & Chemical Company, and Smith & Nichols.

The decisions below affirmed decisions by the Board of United States General Appraisers, which had reversed the assessment of duty by the collector of customs at the port of New York, except that one

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

decision by the board, which had affirmed the assessment, was ·reversed.

The following provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 626, 30 Stat. 199 (U. S. Comp. St. 1901, p. 1685), is involved:

"626. Oils: * * * Petroleum, crude or refined: Provided, that if there be imported into the United States crude petroleum, or the products of crude petroleum produced in any country which imposes a duty on petroleum or its products exported from the United States, there shall in such cases be levied, paid, and collected a duty upon said crude petroleum or its products so imported equal to the duty imposed by such country."

The court below filed the following opinion in the Swan & Finch Cases:

PLATT, District Judge. The importations in question consisted of refined petroleum imported from Great Britain. The crude petroleum from which this merchandise was produced originated in Russia. The Board of General Appraisers sustained the importers' claim that under the proviso in paragraph 626 of the act of 1897 petroleum products are not subject to the countervailing duty there provided, where the country of production imposes no duty on such products imported from the United States. The government contends that a duty should be assessed equal to that imposed on the crude petroleum by the country from which it originated.

The decisions of the Board in the above-entitled suits are affirmed, on the authority of United States v. Downing, 146 Fed. 56, 76 C. C. A. 376.

D. Frank Lloyd, Asst. U. S. Atty.

Brooks & Brooks (Frederick W. Brooks, of counsel), for appellee Swan & Finch Co.

Comstock & Washburn (Albert H. Washburn, on the brief), for appellees National Aniline & Chemical Co. and Smith & Nichols.

Hatch & Clute, for appellees F. A. Marsily & Co.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. Decisions of Circuit Court affirmed.

---

MORTON TRUST CO. v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court of Appeals, Third Circuit. March 15, 1909.)

No. 7.

PATENTS (§ 328*)—INVENTION—BOLSTER FOR RAILWAY CARS.
　　The Schoen patent, No. 574,116, for a bolster for railway cars, is void for lack of invention.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the ·Circuit Court of the United States for the District of New Jersey.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes